IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARIA SUAREZ-TORRES
Plaintiff

vs

BEBO'S BBQ; BJM FOOD SERVICES, INC.
Defendants

CIVIL 16-1924CCC

**OPINION AND ORDER**

This action was commenced on May 19, 2016 by plaintiff María Suárez-Torres ("Suárez-Torres"), seeking injunctive relief against co-defendants Bebo's BBQ and BJM Food Services, Inc. (together "defendants"), pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (the "ADA"). Before the Court is defendants' Amended Motion to Dismiss and Memorandum in Support Thereof (**d.e. 12**) filed on November 14, 2016, opposed on May 24, 2017 (d.e. 24). For the reasons discussed below, the motion is DENIED.

**I.  FACTUAL BACKGROUND**

On or around January 9, 2016, plaintiff, a resident of Bayamón, Puerto Rico, visited defendants' property, Bebo's BBQ, located at Marginal Los Angeles, Carolina, Puerto Rico. Defendant Bebos BBQ is the owner and operator of the subject facility and defendant BJM Food is the registered owner of the subject facility. Plaintiff uses a wheelchair for mobility as a result of her paraplegia. She alleges that during this visit, she "experienced unnecessary

difficulty and risk because no purportedly accessible parking space was designated as 'van accessible.'" (d.e. 8, ¶ 20). Other allegations of her amended complaint include: that "[b]ased upon an investigation ... [she] has become aware of additional architectural barriers at defendant's facilities" including: no accessible aisles provided adjacent to one or more purportedly accessible spaces, one or more purportedly accessible spaces were not marked with required signs, no accessible loading zone with an accessible sign, no handicapped parking close to the front doors, no accessible route from the front door to the public street, no table is wheelchair accessible, no knee room under the tables, no portion of the counter has a maximum height of 36 inches from the finished floors, insufficient clear turning space in the restroom, no grab bars at 33 inches minimum and 36 inches maximum at restroom, no signage on restroom doors, and others. (d.e. 8, ¶¶ 21 and 22).

Plaintiff claims that defendants' facility is non-compliant with the ADA and the ADA' Accessibility Guidelines, 28 CFR § 36, significantly impeding her ability to full and equal enjoyment of its facilities. Plaintiff avers that defendants have discriminated against her on the basis of her disability and that she has been harmed by their conduct. Plaintiff maintains that she "intends to return to defendant's facilities to conduct business... and to ascertain whether those facilities remain in violation of the ADA." (d.e. 8, ¶ 26).

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), for want of subject matter jurisdiction, specifically averring that plaintiff lacks standing to sue.

## II.     PLEADING STANDARD

Under Rules 12(b)(1) and 12(b)(6), a defendant may move to dismiss an action against him for lack of federal subject-matter jurisdiction or for failure to state a claim upon which relief can be granted. *Benítez-Navarro v. González-Aponte*, 660 F. Supp. 2d 185, 188 (D.P.R. 2009). A motion to dismiss brought under Rule 12(b)(1) is subject to the same standard of review as a motion to dismiss under Rule 12(b)(6). *Cintrón-Luna v. Román-Bultrón*, 668 F. Supp. 2d 315, 316 (D.P.R. 2009). Federal Rule 12(b)(6) states that a complaint will be dismissed if the pleadings fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court in *Bell Atl. Corp. v. Twombly*, held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559, 127 S. Ct. 1955, 1967, 167 L. Ed. 2d 929 (2007). When ruling on a motion to dismiss, the Court must accept the complaint's well-pleaded facts as true and indulge all reasonable inferences in the plaintiff's favor. *Cook v. Gates*, 528 F.3d 42, 48 (1st Cir. 2008). Although "*Twombly* does not require heightened fact pleading of specifics . . . it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.'" *Quirós v. Muñoz*, 670 F. Supp. 2d 130, 131 (D.P.R. 2009)(quoting *Twombly*, 127 S.Ct. 1955). "Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to 'raise a right to relief above the speculative level.'" *Maldonado-Concepción v. Puerto Rico*, 683 F. Supp. 2d 174, 175-76 (D.P.R. 2010).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), the Supreme Court upheld *Twombly* and clarified that two underlying principles must guide this Court's assessment of the adequacy of a plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 1950. "Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949.

### III.   ANALYSIS

Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C.A. § 12182. Under section 12182, a plaintiff may only sue for injunctive relief. *See Dudley v. Hannaford Bros. Co.*, 333 F.3d 299, 304 (1st Cir. 2003) (finding that section 12182, which incorporates the remedies set forth in 42 U.S.C.

§ 2000a–3(a), "allows only injunctive relief (as opposed to money damages")). Therefore, this type of suit "requires some ongoing harm (or, at least, a colorable threat of future harm)." *Id*.

Defendants argue[1] that plaintiff's action must be dismissed for lack of standing. Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." *New Hampshire Right to Life Political Action Comm. v. Gardner*, 99 F.3d 8, 12 (1st Cir. 1996). Because remedies under the ADA are limited to equitable relief "[c]ourts narrowly interpret their judicial power under Title III." *Lorenzo Font v. Francisco*, 260 F. Supp. 2d 394, 400 (D.P.R. 2003). In order to demonstrate standing, a plaintiff must prove: (1) she "suffered an "injury in fact"—that is, an invasion of a legally protected interest which is concrete and particularized and actual and imminent; (2) a causal connection between the injury and the conduct complained of; and, (3) redressability, such that it is likely as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992).

**A.    Concrete and Particularized**

An injury is considered "concrete and particularized" for purposes of Title III of the ADA when plaintiff suffers an injury as a result of the defendants noncompliance with the ADA. *See Pickern v. Holiday Quality Foods Inc.*,

---

[1] We note that some arguments made by defendants in their motion to dismiss were based on plaintiff's original complaint which has been rendered moot by the filing of an amended complaint. Thus, the Court considered arguments only as to the amended complaint.

CIVIL 16-1924CCC                        6

293 F.3d 1133, 1137 (9th Cir. 2002) (finding that in "stating that he is currently deterred from attempting to gain access to the Paradise store, Doran has stated sufficient facts to show concrete, particularized injury").

Plaintiff asserts that on or around January 9, 2016, when visiting defendants' property, "she experienced unnecessary difficult and risk because no purportedly accessible parking space was designated as 'van accessible.'" (d.e. 8, ¶ 20). As a result of this, she was deterred from entering the property. Taking these assertions as true, plaintiff has alleged a concrete and particularized injury.

### B.    Actual and Imminent

The First Circuit has held that "[a] disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA and who is threatened with harm in the future because of existing or imminently threatened noncompliance with the ADA suffers actual or imminent harm sufficient to confer standing." *Disabled Americans For Equal Access, Inc. v. Ferries Del Caribe, Inc.*, 405 F.3d 60, 64 (1st Cir. 2005) (citing *Pickern*, 293 F.3d at 1138)). Specifically, "[a]n actual or imminent injury occurs when a plaintiff has a concrete intent to return to a facility with a barrier which will continue to adversely affect his ability to benefit from or participate in the facility." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 958–59 (9th Cir. 2011).

Plaintiff asserts that she "intends to return to Defendant's facilities to conduct business, i.e. enjoy the famous and well-known chicken sold at Bebos BBQ and to ascertain whether those facilities remain in violation of the ADA"

and that she is deterred from returning to defendants' facilities, "so long as the numerous architectural barriers at defendant's facilities continue to exist." (d.e. 8, ¶ 26). Plaintiff further alleges that based upon an investigation performed on her behalf, she knows of additional architectural barriers present in defendant's property that deter her from returning to the subject facility.

Defendants argue that because Suárez-Torres acts as a "tester" and has filed more than 127 complaints means that her "intent to return" is false (d.e. 13, p. 18). This argument fails for two reasons. First, at the motion to dismiss stage the court must take all well pleaded facts as true. Second, although yet to be determined by the First Circuit, other courts have held that "testers" have standing to pursue ADA cases. *See Tandy v. City of Wichita*, 380 F.3d 1277, 1288 (10th Cir. 2004) (holding that "testers" have standing to sue). "Nothing in that statutory language [of Section 12182] precludes standing for tester plaintiffs; if anything, 'no individual' and 'any person' are broad terms that necessarily encompass testers." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1332 (11th Cir. 2013).

Defendants further argue that plaintiff has not plead sufficient facts establishing that she is likely to return to Bebos BBQ. When making a determination of whether plaintiff is likely to return to the complained about establishment and thus will suffer future harm, some districts courts consider the following four factors : "(1) the proximity of the plaintiff's residence to the place of public accommodation, (2) plaintiff's past patronage of the establishment, (3) the definiteness of the plan to return, and (4) the plaintiff's frequency of travel near the business." *Norkunas v. HPT Cambridge, LLC*,

CIVIL 16-1924CCC            8

969 F. Supp. 2d 184, 192 (D. Mass. 2013).  This test has not been adopted by the First Circuit, and thus is not controlling.  Nevertheless, we note that plaintiffs' residence in Bayamon is not more than a half hour from defendants' restaurant in Carolina and that she has plead that she intends to return to defendants' restaurant.

Thus, taking the averments by plaintiff as true, we find that plaintiff has plead sufficient facts, at the motion to dismiss stage, to establish the she suffers actual or imminent harm sufficient to confer standing.

**C.    Causal Connection Between Injury and Conduct**

The allegations of the amended complaint set forth sufficient factual grounds in support of a causal connection between the injury alleged and the conduct that plaintiff complained of.  Plaintiff maintains that she encountered architectural barriers at defendants' property in violation of the ADA.  She has provided descriptions and images of the non-compliant areas in defendants' property.  These barriers impeded her from having full and equal access to defendants' restaurant.  Therefore, she has sufficiently pled that a causal connection exists at this stage of the ligation.

**D.    Redressability**

"Once a disabled individual has encountered or become aware of alleged ADA violations that deter his patronage of or otherwise interfere with his access to a place of public accommodation, he has already suffered an injury in fact traceable to the defendant's conduct and capable of being redressed by the courts, and so he possesses standing under Article III." *Chapman*, 631 F.3d at 947.

CIVIL 16-1924CCC                    9

Plaintiff alleges in her amended complaint that "[w]ithout injunctive relief, [she] will continue to be unable to fully access Defendant's facilities in violation of his rights under the ADA."  A favorable decision in plaintiff's favor, that is, an injunction ordering defendant to take steps necessary to remove the architectural barriers and bring its facility into compliance with the ADA, will fully redress plaintiff's injury.

Accordingly, accepting as true all well pleaded facts in the amended complaint, plaintiff has sufficiently demonstrated she has standing to bring this action.

## IV.    CONCLUSION

For the reasons stated above, we find that plaintiff has standing to sue under the ADA.  Accordingly, defendants' Motion to Dismiss (**d.e. 12**) is DENIED.  Defendants shall file an answer to the amended complaint on or before **AUGUST 31, 2017**.

SO ORDERED.

At San Juan, Puerto Rico, on August 18, 2017.

> S/CARMEN CONSUELO CEREZO
> United States District Judge